IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**KAILA M. HEANEY,**

    **Plaintiff,**

v.                                                               Case No.:   5:25-cv-00707

**DAVID P. STEINER, in his capacity as
Postmaster General,**

    **Defendant.**

## COMPLAINT

Plaintiff Kaila Heaney, by counsel, Nathanial A. Kuratomi and Warner Law Offices, PLLC, submits the following Complaint and alleges as follows:

1. At all relevant times, Kaila Heaney was and is a resident of Raleigh County, West Virginia and was and is employed as a rural postal carrier by the United States Postal Service ("USPS") and was assigned primarily to work out of the Oak Hill, West Virginia location.

2. David P. Steiner is the duly appointed Postmaster General of the United States.

3. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. Accordingly, this Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331, 1343(a)(4). This Court has jurisdiction over Defendant pursuant to 39 U.S.C. §409.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(e) because the unlawful acts set forth in this Complaint occurred in the Southern District of West Virginia.

5. Plaintiff requested pre-complaint processing on June 21, 2024 with the EEOC. On or about September 18, 2024, the EEO Dispute Resolution Specialist sent a Notice of Right to File

an Individual Complaint of Discrimination. Plaintiff subsequently filed a formal complaint of discrimination on October 1, 2024.

6. On or about October 16, 2024, EEO Services Analyst Gil Grim issued a "Dismissal of Formal EEO Complaint" on the basis that Plaintiff did not request pre-complaint counseling within forty-five (45) days after the alleged discriminatory conduct.

7. Plaintiff filed a timely appeal on November 15, 2024, which was acknowledged by the EEOC Office of Federal Operations ("OFO") on November 19, 2024.

8. On or about May 19, 2025, the OFO reversed USPS's decision to dismiss the complaint. Thereafter, on August 29, 2025, Plaintiff requested a final agency decision on the merits. On September 4, 2025, EEO Services Analyst Stephanie Johnson issued a decision that the employer's affirmative defense to liability had merit and despite the ongoing and widespread sexual harassment of Plaintiff and multiple other female employees, issued a finding of no discrimination.

9. Ms. Johnson's decision recited that Plaintiff may file a civil action in an appropriate United States District Court within ninety (90) calendar days receipt of her decision. Accordingly, Plaintiff has fully exhausted her administrative remedies and is entitled to file this timely action in this Court.

## FACTS

10. Kaila Heaney is a female who is employed as a Rural Letter Carrier by USPS at its Oak Hill, West Virginia location.

11. Beginning in 2022, Kaila experienced and witnessed several instances where her supervisor, Jeremiah Mason, made inappropriate and sexually charged comments to and about her,

as well as other female employees. Kaila promptly reported Mason's conduct to then Postmaster, Billy Gray.

12. Mr. Gray conducted a limited and ineffectual investigation, and attempted to bring Mason's inappropriate conduct and Kaila's objections to it to a resolution by advising Mason to apologize and by informing Kaila that she must have misunderstood Mason's comment(s). Mr. Gray added that Kaila needed to learn how to take a joke.

13. Mason's behavior stopped for a period of time, but Mason resumed making inappropriate, sexually harassing comments to and about Kaila over the next two years. It was well known by USPS employees, including Postmaster Gray, that Mason, as a supervisor, engaged in inappropriate sexual harassment of female co-workers throughout his entire employment with USPS in West Virginia.

14. Though Kaila did her best to ignore Mason's actions, Kaila also found it difficult to perform her job in a safe, non-hostile work environment considering that Mason, as her supervisor, consistently and repeatedly engaged in inappropriate behavior. Kaila also found it difficult to ignore her supervisor's unwanted and pervasive behavior, considering that Postmaster Gray failed to take any action to prevent Mason's conduct or to take any other action, such as keeping Mason separated from Kaila or other female targets. This failure predictably had the effect of emboldening Mason to engage in more aggressive, more suggestive, and more inappropriate behavior including explicit comments of a sexual nature and unwelcome and offensive physical touching.

15. On or about February 28, 2024, Mason physically approached Kaila and, in not so artful a manner, expressed to her that she and her perfume caused him to become sexually aroused.

On or about February 29, 2024, Mason again physically approached Kaila and reiterated that she and her perfume caused him to become sexually aroused. Mason also told Kaila that it "makes me want to bend you over." Mason's comments were inappropriate, of a sexual nature, and unwelcomed.

16. Mason's conduct then escalated to unwanted, inappropriate, and forceful physical touching of a sexual nature. On or about March 2, 2024, Mason grabbed Kaila by the hips from behind, pulled her against his groin, and made a thrusting a motion into Kaila. Mr. Mason made more comments of an inappropriate, sexual nature. Kaila had to physically pry herself away from Mason. Mason immediately followed Kaila, again physically grabbed her, and forced Kaila's hands to his genitals.

17. The trauma of Mason's repeated comments, assaults, and behavior have caused Plaintiff to experience severe distress, for which she has sought medical care.

18. Upon information and belief, and in addition to the inappropriate sexual harassment that Mason visited upon Kaila from 2022 until 2024, Mason had sexually assaulted and harassed several other female USPS employees from 2022 to the Spring of 2024. Despite multiple women, including Plaintiff, coming forward to notify Postmaster Gray and others of Mason's unwelcome sexual comments and harassment at multiple points in time, Postmaster Gray and USPS turned a blind eye to Mason's conduct.

19. Postmaster Gray and USPS refused to take prompt or effective action, but instead, protected Mason and his job as a supervisor. Despite knowing of Mason's repeated, pervasive, and widespread harassment of Plaintiff over a period of years, Postmaster Gray and USPS required Plaintiff to work with Mason, and failed to take adequate actions to address the harassment and discrimination against Plaintiff despite its knowledge.

## COUNT I
### Sexual Harassment and Sex Discrimination
### (Title VII, 42 U.S.C. §§ 2000e, *et seq*.)

20. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully restated herein.

21. Title VII prohibits Defendant USPS from discriminating against any employee on the basis of sex. Discrimination on the basis of sex includes sexual harassment.

22. In perpetrating the above-described acts and omissions, Defendant, its supervisory employees, and its employees, engaged in unlawful sexual harassment and discrimination in violation of Title VII.

23. Defendant, its supervisory employees, and its employees engaged in targeted and specific harassment of Plaintiff by subjecting her to repeated, pervasive, and unwelcome comments of a sexual nature, as well as physically assaultive, deliberate, and unwelcome physical restraint and touching of a sexual nature. These unwelcomed and inappropriate acts were severe, pervasive, and created a hostile work environment for Plaintiff.

24. Mason's sexual harassment caused Plaintiff to suffer physical and emotional pain, stress, anxiety, humiliation, and terror. Plaintiff has obtained medical care for the physical and mental trauma caused by Mason's sexual harassment and by USPS' indifference to it.

25. Because Mason was acting as Plaintiff's supervisor, USPS is liable for Mason's repeated, pervasive, and unwelcome sexual harassment of Plaintiff.

26. USPS knew or should have known of Mason's conduct and the resulting hostile work environment, but nevertheless failed to take prompt and effective remedial action. Indeed, Postmaster Billy Gray knew of Mason's prior harassment of Plaintiff, knew of other complaints of

sexual harassment against Mason, and nevertheless continued to subject Plaintiff to Mason's presence in the workplace.

27. Indeed, investigation into Plaintiff's complaints of sexual harassment corroborated the long list of female employees, including Plaintiff, who were harassed or assaulted by Mason and confirmed that Postmaster Gray knew or should have known of his longstanding and repeated conducted.

28. Accordingly, Plaintiff was harmed because of the foregoing described conduct of USPS, which was a substantial factor in causing Plaintiff harm.

29. As a direct and proximate result of the actions alleged herein, Plaintiff has and will suffer damages including, but not limited to, medical expenses, physical and emotional pain, suffering, humiliation, shame, anxiety, embarrassment, emotional distress, and other general damages, all in an amount to be proven at trial.

30. Plaintiff is entitled to statutory attorneys' fees and costs, and other appropriate relief as determined by the Court.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant for the unwanted, unwelcome, persistent, and pervasive verbal and physical sexual harassment visited upon her by her supervisor, Jeremiah Mason, including damages in an amount to be proven at trial including but not limited to compensatory damages, general damages as described herein, statutory attorneys' fees and costs, and any other appropriate relief permitted by law and/or as determined by this Court.

**JURY TRIAL DEMANDED.**

**KAILA HEANEY**

**By Counsel**

*/s/ Nathanial A. Kuratomi*
Nathanial A. Kuratomi, Esq. (WVSB #10328)
WARNER LAW OFFICES, PLLC
227 Capitol Street
Post Office Box 3327
Charleston, West Virginia 25333
Telephone: (304) 344-4460
Facsimile: (304) 344-4508
nkuratomi@wvpersonalinjury.com