**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

KAILA M. HEANEY,

        Plaintiff,

v.                                                                                  CIVIL ACTION NO.  5:25-cv-00707

DAVID P. STEINER,
*in his official capacity as Postmaster General*,

        Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending is Plaintiff Kaila M. Heaney's Motion for Leave to File Amended Complaint, filed March 24, 2026. [ECF 10]. On April 7, 2026, Defendant Postmaster General David P. Steiner ("USPS") responded in opposition [ECF 13], to which Ms. Heaney replied on April 14, 2026. [ECF 16].

**I.**

Ms. Heaney is employed as a "rural postal carrier" in Oak Hill. [ECF 1 at ¶ 1]. Beginning in 2022, she alleges her supervisor Jeremiah Mason first "made inappropriate and sexually charged comments to and about her, as well as other female employees." [*Id.* at ¶ 11]. Consequently, Ms. Heaney informed then Postmaster Billy Gray of the conduct. [*Id.*]. Following investigation, Mr. Gray (1) "advis[ed] Mason to apologize[,]" (2) "informed [Ms. Heaney] she must have misunderstood [Mr.] Mason's comments[,]" and (3) encouraged Ms. Heaney to "learn how to take a joke." [*Id.* at ¶ 12].

Although the alleged sexual harassment briefly paused, Mr. Mason nonetheless continued to "[make] inappropriate, sexually harassing comments to and about [Ms. Heaney]" from 2022 to 2024. [*Id.* at ¶ 13]. During this period, Ms. Heaney and other female employees notified Mr. Gray of the alleged sexual harassment. [*Id.* at ¶ 18.] On February 28, 2024, Mr. Mason informed Ms. Heaney "she and her perfume caused him to become sexually aroused." [*Id.* at ¶ 15]. The following day, Mr. Mason repeated this sentiment and told her "it '[made him] want to bend [Ms. Heaney] over.'" [*Id.*]. On March 2, 2024, Mr. Mason initiated unwanted physical contact with Ms. Heaney. [*Id.* at ¶ 16]. Mr. Mason approached Ms. Heaney from behind, placed his hands on her hips, "pulled her against his groin, and made a thrusting motion into [her]." [*Id.*]. After Ms. Heaney "pr[ied] herself away from" him, Mr. Mason "immediately follow[ed] [Ms. Heaney], grabbed her, and forced [Ms. Heaney's] hand to his genitals." [*Id.*]. Subsequently, Ms. Heaney sought medical care to address consequent "severe distress[.]" [*Id.* at ¶ 17].

On June 21, 2024, Ms. Heaney "requested pre-complaint processing . . . with the [Equal Employment Opportunity Commission ('the EEOC')]." [*Id.* at ¶ 5]. Thereafter, on or about September 18, 2024, the EEOC submitted a Notice of Right to File an Individual Complaint of Discrimination. [*Id.*]. Subsequently, on or about October 1, 2024, Ms. Heaney "filed a formal complaint of discrimination." [*Id.*]. In response, on or about October 16, 2024, an Equal Employment Opportunity ("EEO") Services Analyst "issued a 'Dismissal of Form EEO Complaint'" inasmuch as Ms. Heaney "did not request pre-complaint counseling within forty-five (45) days after the alleged discriminatory conduct." [*Id.* at ¶ 6]. On appeal, however, the EEOC Office of Federal Operations ("OFO") "reversed USPS's decision to dismiss the complaint" on August 29, 2025. [*Id.* at ¶ 8].

On August 29, 2025, Ms. Heaney "requested a final agency decision on the merits." [*Id.*]. On September 4, 2025, an EEO services analyst "issued a decision that the employer's affirmative defense to liability had merit . . ." and consequently found "no discrimination." [*Id.*].

On December 1, 2025, Ms. Heaney instituted this action within ninety calendar days of receipt of the decision. [*Id.* at ¶ 9]. Her single-count Complaint alleges a Sexual Harassment and Sex Discrimination claim, in violation of Title VII, 42 U.S.C. §§ 2000e. [*Id.* at ¶ 3]. Specifically, Ms. Heaney alleges Mr. Gray and USPS conducted a "limited and ineffectual investigation" of her sexual harassment reports, which "embolden[ed]" Mr. Mason's escalating misconduct. [*Id.* at ¶¶ 12, 14]. She seeks compensation for "medical expenses, physical and emotional pain, suffering, humiliation, shame, anxiety, embarrassment, emotional distress, and other general damages, all in an amount to be proven at trial," as well as "statutory attorneys' fees and costs, and other appropriate relief as determined by the Court." [*Id.* at ¶ 29–30]. In essence, Ms. Heaney asserts, considering the numerous instances of alleged sexual harassment reported to Mr. Gray, "USPS knew or should have known of [Mr.] Mason's conduct and the resulting hostile work environment" and subsequent negative impact on Ms. Heaney's physical and mental well-being. [*Id.* at ¶ 26].

On February 9, 2026, USPS filed its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. [ECF 4, 5]. USPS asserted Ms. Heaney failed to exhaust her administrative remedies considering an aggrieved, federal employee must "initiate contact" with an Equal Employment Opportunity ("EEO") counselor "within 45 days of the matter alleged to be discriminatory." [ECF 5 at 1–2 (citing 29 CFR § 1614.105(a)(1))]. USPS thus contended Ms. Heaney's claim is barred from judicial review inasmuch as "[t]he very first contact [Ms. Heaney] had with an EEO counselor—or anyone connected with EEO process—was on June 21, 2024[,] .

. . 111 days after the Complaint's last alleged event of harassment on March 2, 2024." [ECF 5 at 1–2]. USPS further asserted the doctrines of waiver, equitable estoppel, and equitable tolling are inapplicable. [*Id.* at 7–11].

Ms. Heaney responded the doctrine of collateral estoppel precludes a defense regarding the 45-day EEO counselor notification requirement given, in its final determination, the OFO decided that precise issue in her favor. [ECF 7 at 1]. Specifically, she contended -- as set forth in her supporting affidavit filed during the OFO appeal, though lacking from her Complaint -- she satisfied the contact requirement (1) on April 2, 2024, when she expressly informed Postmaster Gray she desired to hold Mr. Mason accountable for his conduct, and (2) again one week later when she was contacted by former union steward and USPS employee Tim Thomason to whom she reiterated her desire to hold Mr. Mason accountable and was assured the necessary contacts would be made to do so. [*Id.* at 10-11].

Inasmuch as both Mr. Gray and Mr. Thomason had been involved in the prior 2022 investigation into Mr. Mason's conduct, Ms. Heany believed she "had indeed initiated claims for sexual harassment and/or sexual assault" following their discussions. [*Id.* at 11]. She thus maintained she "initiated contact with an agency official logically connected with the EEO process," within the 45-day period, satisfying the requirements of 29 CFR § 1614.105(a)(1), as determined by the OFO. [*Id.* at 12, 13; *see also* ECF 7-1]. Assuming *arguendo* her contact was untimely, Ms. Heaney further asserted -- though again absent from the allegations contained in her Complaint -- she received no training on the 45-day requirement, nor was she put on constructive notice of the same inasmuch the "poster" she recalled seeing only "generally directed employees

4

to a website," lacking any explicit reference to the requisite time limit and necessitating enlargement of the 45-day period as contemplated by 29 C.F.R. § 1614.105(a)(2).[1] [*Id.* at 14, 15].

To the extent her Complaint lacked the foregoing factual allegations to facially demonstrate exhaustion, however, Ms. Heaney alternatively requested she be given leave to amend her Complaint to supply the same. [*Id.* at 17]. The Court thus denied USPS's Motion to Dismiss without prejudice and directed Ms. Heaney to file the instant Motion, along with her proposed Amended Complaint. [ECF 9]. In the Motion to Amend, Ms. Heaney contends her proposed Amended Complaint [ECF 10-1], now enriched with the allegations set forth above, survives a futility analysis inasmuch as the additional allegations demonstrate she "has fully exhausted her administrative remedies and that the forty-five (45) day period to contact an EEO Counselor should be extended within the meaning of 29 C.F.R. § 1614.105(a)(2)." [ECF 10 at 3].

USPS responds any amendment is futile inasmuch as her amended allegations "do not demonstrate compliance with the administrative exhaustion time-limitation in 29 C.F.R. § 1614.105(a)(1) or that the limitation 'should be extended' as contemplated by § 1614.105(a)(2)." [ECF 13 at 6]. Specifically, USPS contends Ms. Heaney's reports of "her supervisor's alleged conduct to Mr. Gray or Mr. Thompson does not equate to EEO counselor contact," and that its display of Poster 72 (which it asserts is not denied by Ms. Heaney in the proposed Amended Complaint) constitutes constructive notice of the 45-day timeframe imposed by § 1614.105(a)(1). [*Id.* at 7].

Ms. Heaney reiterates in her reply that 29 C.F.R. § 1614.105(a)(2) permits extension whenever "the employee was not aware of the time limits" or "for other reasons

---

[1] Section 1614.105(a)(2) pertinently provides "The agency or the Commission shall extend the 45–day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, . . . or for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a)(2).

considered sufficient by the agency or Commission." [ECF 16 at 1] (citing 29 C.F.R. § 1614.105(a)(2)) (quotations omitted). Ms. Heaney maintains the proposed Amended Complaint survives a futility analysis inasmuch as she has alleged facts sufficient to "to extend the forty-five (45) day requirement for EEO Counselor contact, such that justice so requires that [she] be permitted to amend her Complaint." [*Id*. at 3].

## II.

### A.      *Governing Standards*

*Federal Rule of Civil Procedure* 15(a)(2) provides "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Denial of a motion to amend is appropriate "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of that moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Futility is achieved when the proposed amended complaint "fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). Simply put, the futility analysis determines whether the proposed amended complaint adequately states a claim for relief under the Rule 12(b)(6) standard.

Rule 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Any defense presented under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, the motion to dismiss must be filed before any answer to the complaint

is filed. Additionally, and as an aside, any answer must be filed within twenty-one days of the issuance of the summons, except for situations wherein that timeline is enlarged by the court. Fed. R. Civ. P. 12(a).

The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson*, 679 F.3d at 288.

The decision in *Iqbal* provides some additional markers concerning the plausibility

requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief. . . .'"
>
> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678–79 (citations omitted).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555-56); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (citing *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

**B.**     ***Applicable Statutory Framework***

Prior to instituting a Title VII action, aggrieved employees must first exhaust their administrative remedies. *Hoffman v. Inova Health Care Services*, 169 F.4th 207, 218 (4th Cir.

2026); *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022). The employee "must [first] initiate contact with a Counselor within 45 days of the date of [the] matter alleged to be discriminatory[.]" 29 C.F.R. § 1614.105(a)(1). The regulations do not define what suffices to "initiate contact" with an EEO counselor, nor has the United States Court of Appeals for the Fourth Circuit addressed the issue. Nonetheless, "[t]he EEOC has long and consistently adhered to an interpretation of 29 C.F.R. § 1614.105 that 'a complainant may satisfy the criterion of EEO Counselor contact by initiating contact with any agency official logically connected with the EEO process, even if that official is not an EEO Counselor, and by exhibiting an intent to begin the EEO process.'" *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1044 (9th Cir. 2009) (quoting EEOC Management Directive 110, at ch. 2, § I.A n.1, 1999 WL 33318588 (Nov. 9, 1999)); *see also Culpepper v. Schafer*, 548 F.3d 1119, 1121 (8th Cir. 2008).

Courts have thus consistently adopted the EEOC's interpretation of § 1614.105(a)(1) in assessing what constitutes satisfactory contact. *See id*.; *see also United States v. Mitchell*, 120 F.4th 1233, 1238 (4th Cir. 2024) (citing *Auer v. Robbins*, 519 U.S. 452 (1997); *Kisor v. Wilkie*, 588 U.S. 558 (2019), and explaining an agency's reasonable interpretation of its ambiguous regulations are generally afforded "controlling weight" unless "plainly erroneous or inconsistent with the regulation" or in contravention of "the Constitution or a federal statute.") (internal citations and quotations omitted).

As previously mentioned, notwithstanding § 1614.105(a)(1)'s 45-day requirement, subsection (a)(2) requires extension of this timeframe when:

> the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, . . . [and] that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

9

29 C.F.R. § 1614.105(a)(2); *see also Jakubiak v. Perry*, 101 F.3d 23, 27 (4th Cir. 1996) (recognizing under the circumstances provided in § 1614.105(a)(2), "waiver of the 45-day time limit is mandatory[.]"). Notice of the time limit "is sufficient only if it is reasonably geared to inform an employee that [s]he must see an EEO Counselor within 45 days of the alleged discriminatory action." *Jakubiak*, 101 F.3d at 27 (concluding "[a]n oblique reference to an outdated and unpublished document, never provided to or read by a complainant, does not provide the kind of notice contemplated by the regulation."); *see also Ettinger v. Johnson*, 556 F.2d 692, 698 (3d Cir. 1977) (concluding "[a] reference in an employee bulletin to a personnel manual, without more, is insufficient to bring home to the employee the required notification of complaint procedures").

Moreover, in implementing its program "to promote equal opportunity and "eliminate discriminatory practices and policies," § 1614.102(b)(7) imposes an affirmative obligation on government employers to

> [p]ublicize to all employees and post at all times the names, business telephone numbers and business addresses of the EEO Counselors (unless the counseling function is centralized, in which case only the telephone number and address need be publicized and posted), a notice of the time limits and necessity of contacting a Counselor before filing a complaint and the telephone numbers and addresses of the EEO Director, EEO Officer(s) and Special Emphasis Program Managers.

29 C.F.R. § 1614.102(a), (b)(7).

## III.

Inasmuch as USPS concedes Ms. Heaney's proposed Amended Complaint is neither prejudicial nor sought in bad faith, the inquiry reduces to whether the pleading adequately states a claim for relief considering the 45-day time limit imposed by 29 C.F.R. § 1614.105(a)(1). Contrary to USPS' assertion, Ms. Heaney has alleged sufficient facts that, when taken as true, support a finding of waiver under the circumstances.

10

Indeed, in the proposed Amended Complaint, Ms. Heaney alleges after informing Postmaster Gray of Mr. Mason's conduct on April 2, 2024, Postmaster Gray "did not inform [her] of her right to file a complaint with an EEO representative" within the requisite time frame. [ECF 10-1 at ¶ 23]. She further alleges when she spoke to Mr. Thomason a week later about Mr. Mason's conduct, he "advised [her] that she did not need to contact anyone, that everyone who needed to be contacted would be contacted, and that [she] should await a phone call from someone who would assist with her claims." [*Id.* at ¶ 25]. After failing to receive the contact she was promised, Ms. Heaney contacted the EEOC on June 21, 2024, to report Mr. Mason's conduct. [*Id.* at ¶ 26].

Additionally, despite USPS' contrary contentions, Ms. Heaney does not concede "Poster 72" [ECF 16-1] was displayed in the Oak Hill Post Office or observed by her at any point *prior* to her reporting Mr. Mason's conduct. [*Id.* at ¶ 19]. Rather, she merely alleges she observed a "vague" "flyer," which "directed employees to a website." [*Id.* at ¶ 19]. She further alleges that even if the "flyer" she observed was in fact Poster 72, it "contains no reference to the phrases 'sexual harassment' or 'sexual assault.'" [*Id.*]. She thus disputes whether Poster 72 supplies the requisite notice of the 45-day time limits with respect to claims of sexual harassment or assault. [*See* ECF 16 at 8-9].

At bottom, Ms. Heaney alleges in her proposed Amended Complaint that she [(1)] "did not know who to contact other than [Postmaster] Gray, [(2)] was not told by anyone who to contact, and [(3)] had not received training or other information about reporting sexual harassment or contacting an EEO Counselor or any other official logically connected to the EEO process at any time prior to June 21, 2024." [ECF 10-1 at ¶ 19]. She further alleges that "based on her prior experience with claims of sexual harassment involving [Mr.] Mason, [she] believed that it was appropriate to report [his] conduct to" Postmaster Gray [*Id.* at ¶ 20] and, in so doing, she "intended

11

to begin the process of initiating claims for sexual harassment and/or sexual assault[.]" [*Id*. at ¶ 22].

These allegations are minimally sufficient to state a claim for relief despite § 1614.105(a)(1)'s time restraint. USPS may raise the issue anew on a complete evidentiary record at summary judgment.[2]

**IV.**

Based on the foregoing discussion, Ms. Heaney's Motion for Leave to File Amended Complaint [**ECF 10**] is **GRANTED** and the proposed Amended Complaint [**ECF 10-1**] is **ORDERED** filed today.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER:    June 29, 2026

Frank W. Volk
Chief United States District Judge

---

[2] To the extent USPS also asserts the proposed Amended Complaint is futile given that the veracity of Ms. Heaney's allegations therein will become "irrelevant" upon the Court's consideration of its forthcoming dispositive motion, such assertion is meritless inasmuch as the proper futility inquiry concerns whether the proposed amended complaint fails to state a claim for relief. *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). USPS is further advised any premature motion for summary judgment will be denied without prejudice, subject to refiling after the close of discovery.